UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shawn Evans,

                Plaintiff,        Case No. 23-10929

v.                                  Judith E. Levy
                                  United States District Judge

Federal Bureau of Investigation,
Nancy Pelosi, and Joe Biden,      Mag. Judge Kimberly G. Altman

                Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2], DISMISSING THE CASE WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [3] AS MOOT**

On or about April 20, 2023, Plaintiff Shawn Evans initiated this *pro se* lawsuit against Defendants Federal Bureau of Investigation ("FBI"), Congresswoman Nancy Pelosi, and President Joe Biden. (ECF No. 1.) That same day, Plaintiff filed an application to proceed without prepaying fees or costs (also referred to as proceeding *in forma pauperis*) (ECF No. 2) and a motion for appointment of counsel. (ECF No. 3.)

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff's application indicates that he receives $914 per month in disability income, has at least $825 in monthly expenses, and has no cash or money in a checking or savings account. (*See* ECF No. 2, PageID.11–12.) Plaintiff also indicates that he is not currently employed and does not have any other sources of income. (*Id.* at PageID.11.) Given Plaintiff's lack of financial resources and limited discretionary income, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and his application to proceed without prepayment of fees is granted.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v.*

2

*Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in [*pro se*] complaints that are reviewed for frivolousness. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citations omitted).

The Court concludes that Plaintiff's complaint is frivolous because it lacks an arguable basis in fact. In his complaint, Plaintiff alleges that Defendants Pelosi and Biden conspired with the FBI to investigate and harass Plaintiff "as a form of weaponization of government." (ECF No. 1,

3

PageID.6.) He alleges that this harassment began with an FBI wiretap in 2019 on an address in Detroit. (*Id.*) The complaint also alleges that Plaintiff was sent to "the Team Wellness Center, Crisis Stabilization Unit" and "other crisis stabilization units" because of the FBI's harassment. (*Id.*) Plaintiff seeks $126,000,000 for pain and suffering caused by the "severe emotional distress" he experienced as a result of the FBI's alleged harassment. (*Id.* at PageID.7.) These allegations are not supported by any plausible allegations that Plaintiff has been harassed by the FBI or other Defendants. Moreover, Plaintiff fails to explain how conduct by Defendants caused his admissions to various crisis stabilization units. As such, the Court dismisses the case as frivolous under § 1915(e)(2)(B).[1]

For the reasons set forth above, Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED. The case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court notes that a previous case filed by Plaintiff against the same Defendants that included similar allegations of harassment was also dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Evans v. Fed. Bureau Investigation*, No. 23-10309 (E.D. Mich. Feb. 10, 2023) (Parker, J.).

Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED as MOOT.

Because Plaintiff's complaint is frivolous, the Court certifies that an appeal of this order can not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous).

IT IS SO ORDERED.

Dated: December 15, 2023  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager